UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES D. SLATER, JR.                :<br>    Plaintiff                              :<br>                                               :<br>    vs.                                     :<br>                                               :<br>                                               :<br>DONNA (JANE DOE), Warden of the :<br>Lackawanna County Jail, *et al.*,    :<br>    Defendants.                        :<br>                                               : | CIVIL NO. 11-CV-494 |

*M E M O R A N D U M*

*I.      Introduction*

We are considering a motion for reconsideration filed by the Plaintiff, Charles Slater.  (Doc. 96).  Plaintiff filed this civil rights action on March 16, 2011. (Doc. 1).  On December 18, 2013, we granted partial summary judgment in favor of Defendants, leaving one claim against a single defendant:  Defendant Christopher Masci. (Doc. 91).  The matter was listed for trial in Harrisburg on March 10, 2014.  On January 9, 2014, Defendant filed a motion[1] to change the location of trial from Harrisburg to Scranton, citing convenience of the parties and witnesses as the reason for the relocation.  (Doc. 93).  Plaintiff did not file an opposition, and on February 4, 2014, we granted the motion and transferred the case to the Scranton division.  (Doc. 95).  Ten days later, on February 14, 2014, Plaintiff filed the instant motion for reconsideration. For the reasons that follow, we will deny the motion.

---

1. Defendant Masci did not file a brief in support of the motion.

II.        *Background*

The sole remaining claim in this suit relates to a use-of-force incident that allegedly occurred between Defendant Masci and Plaintiff Slater, while the latter was incarcerated at Lackawanna County Prison in March 2009.  Currently, Defendant resides in Florida and Plaintiff is incarcerated at SCI-Mercer, in Mercer, Pennsylvania.  The witnesses that Defendant intends to call at trial are located in Lackawanna County or thereabout.  Plaintiff has not identified any witnesses that he plans to call to testify.

III.       *Discussion*

*A. Standard of Review*

The Third Circuit has instructed that motions for reconsideration should be used "to correct manifest errors of law or fact or to present newly discovered evidence." Howard Hess Dental Labs., Inc. v. Dentsply, Int'l, Inc., 602 F.3d 237, 251 (3d Cir. 2010) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).  A party seeking reconsideration should show (1) a change in the controlling law, (2) new evidence, or (3) a clear error of law or fact, or manifest injustice.  See id.

*B. Motion for Reconsideration*

Plaintiff's first argument in support of his motion for reconsideration is that, to the extent the court granted the change of venue motion because it was unopposed, the court erred.  Plaintiff claims that he was not required to oppose Defendant's motion

because, pursuant to Local Rule 7.5,[2] the motion was deemed to be withdrawn when Defendant neglected to file a supporting brief. Although Plaintiff's interpretation of Rule 7.5 is accurate, Plaintiff was not prejudiced by Defendant's failure to comply with this rule. The grounds for Defendant's request to change venue were set forth in the body of the motion; thus, Plaintiff had ample notice of the arguments advanced by Defendant, and could have filed a satisfactory opposition. Additionally, application of the Local Rules is within the discretion of this court. Pursuant to Local Rule 1.3,[3] this court may suspend operation of the local rules in individual cases. Finally, Plaintiff's failure to oppose the motion was just one of the bases for granting the motion to change venue. Thus, no clear legal error was committed.[4]

Second, Plaintiff argues that the balance of the equities tip in favor of holding the trial in Harrisburg. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The burden is on the moving party to establish that a balancing of proper interests weigh[s] in favor of the

---

2. "If a supporting brief is not filed within the time provided by this rule the motion shall be deemed to be withdrawn." L.R. 7.5.

3. "When a judge of this court issues any order in a specific case which is not consistent with these rules, such order shall constitute a suspension of these rules for such case only and only to the extent that it is inconsistent." L.R. 1.3.

4. We note that in Staten v. Lackawanna Cnty., No. 07-cv-1329, 2010 WL 2471720, at *2 (M.D. Pa. June 15, 2010) (McClure, J.), which was brought to our attention by Plaintiff, the court chose to consider a motion on its merits even though the moving party failed to submit a supporting brief.

transfer . . . ." Shutte v. Armco Steel Corp., 431 F.2d, 25 (3d Cir. 1970) (citations omitted). Defendant, the moving party, argues that the trial should be held in Scranton for two reasons. First, the events giving rise to the dispute took place in Lackawanna County, where the Scranton courthouse is located. Second, Defendant has identified 8 individuals who will be called to testify at trial and who are located in Lackawanna County. Conversely, Plaintiff claims that traveling to Scranton would be an onerous burden on him. We find Plaintiff's arguments on this issue to be largely speculative. Travel to either courthouse is equidistant from SCI-Mercer, where Plaintiff is presently incarcerated. Plaintiff contends that he has been approved for parole, and that if he is paroled, he will seek housing in Harrisburg. Plaintiff also believes that he will have to register as a sex offender upon release from prison. Last,[5] Plaintiff argues that travel is burdensome because he suffers from biplor disorder and has a low IQ. These reasons are not sufficient to justify holding trial in Harrisburg. *If* Plaintiff is paroled, and *if* Plaintiff finds suitable housing in Harrisburg, and *if* Plaintiff has to comply with sex offender registration requirements, then traveling to Scranton might present some challenges. However, none of these events have materialized yet, and thus they do not weigh heavily

---

5. Plaintiff argues in his reply brief that the emotional trauma of potentially returning to Lackawanna County Prison is another equitable factor that the court should consider. "It is axiomatic that reply briefs should respond to the respondent's arguments or explain a position in the initial brief that the respondent has refuted." Bayer AG v. Schein Pharm., 129 F. Supp 2d 705, 716 (D.N.J. 2001). "[A] 'passing reference' to an issue in an opening brief will not suffice to put a party on notice that the moving party is moving on that particular issue." Id. Because this argument was raised for the first time in a reply brief, we need not consider it.

in our analysis. While we sympathize with Plaintiff regarding his personal challenges, we recognize that the events underlying the dispute occurred in Lackawanna County and the majority of the individuals involved in this lawsuit are located there. Accordingly, we will deny Plaintiff's motion, and Scranton will remain the location for trial in this matter.

*IV.*     *Conclusion*

For the reasons stated above, we will deny the motion for reconsideration (Doc. 96). We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge